UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,  )<br>)<br>v.  )<br>)<br>ANDRE ROSADO,  )<br>a/k/a "DRE"  )<br>Defendant,  )<br>) | CRIMINAL ACTION<br>NO. 05-40011-FDS |

ORDER OF DETENTION
April 13, 2005

**SWARTWOOD, C.M.J.**

    I.  <u>Nature of the Offense and the Government's Motion</u>

On March 31, 2005 an Indictment was returned, charging Andre Rosado, a/k/a Dre ("Mr. Rosado"), in one count, with distribution of cocaine base, in violation of 21 U.S.C. §841(a)(1) and aiding and abetting, in violation of 18 U.S.C. §2. The Indictment contains a forfeiture allegation in accordance with 21 U.S.C. §853 and on April 11, 2005, the Government filed an Information notifying Mr. Rosado that he has been charged with committing a drug offense after having been previously convicted of a felony drug offense as provided in 21 U.S.C. §851(a)(1).

On April 7, 2005, Mr. Rosado appeared for his initial appearance in connection with this Indictment and at that time the Government moved for a detention hearing in accordance with 18 U.S.C. §§3142(f)(1)(B)(Mr. Rosado is charged with an offense which

provides for a maximum sentence of life imprisonment), (f)(1)(C)(Mr. Rosado is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the "Control Substances Act") (21 U.S.C. § 801 *et seq.*)), (f)(1)(D)(Mr. Rosado is charged with a felony and has previously been convicted of two or more offenses described in paragraphs (A) through (C) of Section 3142(f)(1), or two or more state or local offenses that would have been offenses described in paragraphs (A) through (C) of such section if federal jurisdiction had existed) and (f)(2)(A)(risk of flight).

On April 11, 2005, a detention hearing was held and at that hearing, Danny Genese, Special Agent with the Drug Enforcement Administration ("DEA"), testified on behalf of the Government and was cross-examined by Mr. Rosado's counsel.

## II. Findings of Fact

1. In February 2005, a confidential source ("CS") informed DEA Task Force Agents that an individual called "Dre" was a supplier of crack cocaine in the Fitchburg area.

2. On February 23, 2005, the CS made a consensually recorded telephone call to the person he knew as "Dre" and made arrangements with that person for the sale of 32 grams of crack cocaine for $1,500. Govt. Ex. 1.

3. The CS and two undercover agents then met, by prearrangement, with the person known as "Dre", who entered the

back seat of the undercover agents' vehicle. Thereafter, "Dre" handed a plastic bag to the undercover agent sitting in the front seat of the vehicle and the agent handed $1,500 to "Dre". Id.

4. Subsequently, the substance handed to the undercover agent by "Dre" was lab tested and found to contain a net weight of 29.4 grams of crack cocaine. Id.

5. The CS and the two undercover agents subsequently identified a police photo of Mr. Rosado as being the person they knew as "Dre" and who sold them the crack cocaine on November 23, 2004.

6. Sometime after the sale, Mr. Rosado was seen by surveillance agents and before he could be arrested, he got into a red Ford Taurus which was then chased by law enforcement officials.

7. The red Taurus eventually came to a stop as a result of hitting a cement wall (Govt. Ex. 2) and when Mr. Rosado got out of the red Taurus, he had a firearm which he dropped, then ran, and was subsequently apprehended.

8. The firearm which Mr. Rosado dropped after exiting the red Ford Taurus is shown on Exhibit 2 as No. 253. As a result of an inventory search of the red Taurus following Mr. Rosado's arrest, another firearm was discovered in back of the front seat console and shown on Exhibit 2 as No. 254. The search also revealed a quantity of crack cocaine in plastic bags in the back seat of the red Taurus which is also shown on Exhibit 2.

III.   <u>The Bail Reform Act</u>

A.   <u>Discussion of the Bail Reform Act</u>

Under 18 U.S.C. § 3142 ("The Bail Reform Act" or "the Act"), the judicial officer shall order that, pending trial, the Defendant be (1) released on his own recognizance or upon execution of an unsecured bond; (2) released on a condition or combination of conditions; (3) temporarily detained to permit revocation of conditional release, deportation, or exclusion; or (4) detained. 18 U.S.C. § 3142(a).  Under the Act, the judicial officer may detain a person pending trial only if, after a detention hearing held pursuant to 18 U.S.C. § 3142(f), the judicial officer determines that "no condition or combination of conditions [set forth under 18 U.S.C. § 3142 (b) or (c)] will reasonably assure the appearance of the person as required and the safety of any other person and the community". 18 U.S.C. § 3142(e).   The Supreme Court, in <u>United States v. Salerno</u>, 481 U.S. 739, 747, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987) has cautioned that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." <u>Id.</u> at 755, 107 S.Ct. at 2105. For this reason, the Defendant may be detained only if the judicial officer finds by (1) clear and convincing evidence, that the Defendant is a danger to the community, or (2) a preponderance of the evidence, that the Defendant poses a risk of flight.  <u>See</u> 18 U.S.C. § 3142 (f); <u>United States v. Jackson</u>, 823 F.2d 4-5 (2d Cir.

4

1987); United States v. Berrios-Berrios, 791 F.2d 246, 250 (2d Cir. (1986), cert. denied, 479 U.S. 978, 107 S.Ct. 562, 93 L.Ed.2d 568 (1986).  See also United States v. Patriarca, 948 F.2d 789, 792-93 (1st Cir. 1991).  Furthermore, the judicial officer "may not impose financial condition that results in the pretrial detention of the person".  18 U.S.C. § 3142 (c).

The Bail Reform Act establishes a two step procedure for making the determination that the Defendant should be detained. First, the Government is entitled to move for detention where the Defendant has been charged with one of the offenses enumerated in the statute for which Congress has determined that detention is warranted.  See 18 U.S.C. § 3142 (f)(1).  The Government may also move for detention, or the judicial officer may on his or her own motion move for detention, where the case involves a serious risk that the Defendant will flee or that the Defendant will obstruct or attempt to obstruct justice.  18 U.S.C. § 3142(f)(2). Second, the judicial officer must determine whether any condition or combination of conditions will adequately ensure the appearance of the Defendant and the safety of the community against any danger posed by the Defendant's pretrial release.  See  United States v. Friedman, 837 F.2d 48, 49 (2d Cir. 1988).

In meeting its burden on the issue of whether any condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of the

community, the Government is aided by the statutory presumptions created by 18 U.S.C. 3142(e). Where the offense charged is one of the offenses enumerated in Section 3142(f)(1), Section 3142(e) creates the rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of the community if the judicial officer finds that: (1) the Defendant has been convicted of a federal offense that is described in Section 3142(f) or an offense under state law that would have been an offense described in Section 3142(f)(1) if federal jurisdiction had existed, (2) such offense was committed while the person was on release pending trial for a federal, state or local offense, and (3) a period of not more than five years has elapsed since the date of conviction or release from imprisonment for such offense. Section 3142(e) also creates the rebuttable presumption that no condition or combination of conditions will ensure the safety of the community and the appearance of the Defendant if the judicial officer finds that there is probable cause to believe that the Defendant committed an offense: (1) for which a maximum term of imprisonment of ten years or more is prescribed (a) in the Controlled Substances Act, (b) the Controlled Substances Import and Export Act, or (c) the Maritime Drug Enforcement Act; or (2) under 18 U.S.C. § 924(c). In order to rebut either presumption, the Defendant must produce "some evidence" to the contrary. <u>United States v. Jessup</u>, 752 F.2d 378, 384 (1st Cir. 1985).

In making the determination as to whether "any condition or combination of conditions will reasonably assure the appearance of the [Defendant] as required and the safety of any other person and of the community", the judicial officer is compelled to consider the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including:
>
>> 1. the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> 2. whether, at the time of the current offense or arrest, he was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and
>
> (4) the nature and seriousness of the danger to any other person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g).

### IV. Discussion of Whether Detention is Warranted

#### A. Mr. Rosado's History and Characteristics

Mr. Rosado was not interviewed and therefore, I have no information concerning his history and characteristics except for his criminal record, which in relevant part is as follows:

| Date | Offense | Disposition |
|---|---|---|
| 6/9/95 | Disorderly person | 6/13/95, guilty, thirty days sentence suspended to 6/14/96 |
| 6/19/95 | Distribution and dispensing of a Class B controlled substance/cocaine two counts | 2/1/96, guilty, two and one-half years committed |
| 2/4/97 | Conspiracy to commit murder | guilty, five to seven years committed |

On January 20, 1994, Mr. Rosado's mother obtained a civil restraining order against him which expired on August 1, 1994.

B. Nature of the Offense and Weight of the Evidence

The Indictment establishes probable cause for the offense charged against Mr. Rosado. The evidence presented at the detention hearing was that Mr. Rosado sold a substance to two undercover agents for $1,500, which was subsequently lab tested and found to contain 29.4 g of crack cocaine. Additionally, Mr. Rosado has been positively identified as the person who sold the drugs to the undercover agent. Therefore, I find that the weight of the evidence against Mr. Rosado is substantial.

C. Rebuttable Presumption

The United States has moved for detention pursuant to 18 U.S.C. §§ 3142(f)(1)(B), (f)(1)(C), (f)(1)(D) and (f)(2)(A). The

Government must prove that there is no condition or combination of conditions that would reasonably assure the safety of any other person or the community if Mr. Rosado is released, or the appearance of Mr. Rosado as required.

The rebuttable presumption created by 18 U.S.C. § 3142(e) applies in this case because Mr. Rosado is charged with a drug offense for which a maximum penalty of ten years or more is prescribed in the Controlled Substances Act.  The Indictment establishes probable cause for the charges against Mr. Rosado. Therefore, I find that under 18 U.S.C. § 3142(e), there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of Mr. Rosado or the safety of the community if he were released.  I find that Mr. Rosado has not produced nor proffered any credible evidence on his behalf to rebut this presumption.  Without such evidence, the presumption alone may justify detention.  <u>United States v. Alatishe</u>, 768 F.2d 364, 371 (D.C. Cir. 1985); <u>United States v. Vires</u>, 637 F. Supp. 1343, 1351 (W.D.Ky. 1986).  Although I have determined that Mr. Rosado has failed to rebut the presumption, for the sake of completeness, I will examine the Government's assertion that he poses a danger to the community and a risk of flight.

F.  <u>Government's Burden</u>

The United States has moved for detention pursuant to 18 U.S.C. §§ 3142(f)(1)(B), (f)(1)(C), (f)(1)(D) and (f)(2)(A).  The

Government must prove that there is no condition or combination of conditions that would reasonably assure the safety of any other person or the community if Mr. Rosado is released, or the appearance of Mr. Rosado as required.

The Government's burden of proof is by:

1. *Clear and convincing evidence* that Mr. Rosado, if released, would pose a serious danger to any person or the community, or

2. A *preponderance of the evidence* that Mr. Rosado, if released, would not appear as required.

G. <u>Whether Mr. Rosado Poses A Danger To The Community</u>

Mr. Rosado has been charged with selling crack cocaine to two undercover agents. Mr. Rosado has been previously convicted of distributing cocaine for which he received a two and one-half year sentence and more recently, found guilty of conspiracy to commit murder for which he received a five to seven year sentence. After Mr. Rosado crashed the red Taurus, he exited that vehicle holding a handgun, which he dropped and then attempted to flee before being apprehended. As a result of an inventory search of Mr. Rosado's vehicle following his arrest, another handgun was discovered in that vehicle together with amounts of crack cocaine. Therefore, considering the present charge contained in this Indictment, Mr. Rosado's criminal record for drug and violent crimes and his possession of a handgun at the time of his arrest, I find by clear

and convincing evidence that Mr. Rosado poses a danger to the community and that there are no conditions or combination of conditions that can be imposed to protect the community if he were released.

    H. <u>Whether Mr. Rosado Poses A Risk Of Flight</u>

  I have no information concerning Mr. Rosado's history and characteristics and therefore, cannot determine whether or not he has sufficient ties to any community that would discourage him from fleeing if he were released.  Additionally, Mr. Rosado faces in excess of 262 months if he is found guilty of the offense charged in this Indictment.  Therefore, considering these circumstances, I find by a preponderance of the evidence that Mr. Rosado poses a risk of flight and that there are no conditions or combination of conditions that I can impose to assure his appearance in this Court as directed.

    V. <u>Order of Detention Pending Trial</u>

  In accordance with the foregoing memorandum,

IT IS ORDERED:

  1. That Mr. Rosado be committed to the custody of the Attorney General or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. That Mr. Rosado be afforded a reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request by an attorney for the Government, the person in charge of the corrections facility in which Mr. Rosado is detained and confined shall deliver Mr. Rosado to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

## RIGHT OF APPEAL

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

/s/Charles B. Swartwood, III
CHARLES B. SWARTWOOD, III
CHIEF MAGISTRATE JUDGE