

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

---

Main Reception: (617) 748-3100

United States Courthouse, Suite 9200
1 Courthouse Way
Boston, Massachusetts 02210

June 7, 2005

BY OVERNIGHT MAIL

Stephen W. Wight
Law Offices of Stephen W. Wight
130 Parker Street
Unit 30
Lawrence, MA 01843

      Re:   United States v. Andre Rosado
               Criminal No. 05-40011 FDS

Dear Mr. Wight:

    Pursuant to Rule 116.1 of the Local Rules of the United States District Court for the District of Massachusetts, the government hereby provides you with the following automatic discovery in the above-referenced case.

A.    Rule 16 Materials

    1.    Statements of Defendant under Rule 16(a)(1)(A)

        a.    Written Statements

    There are no relevant written statements of the defendant Andre Rosado, a/k/a "Dre" (hereinafter referred to as "the defendant") in the possession, custody, or control of the government.

        b.    Recorded Statements

    Consensual tape-recordings were made of a telephone conversation involving the defendant and a confidential informant ("the CI") and a subsequent meeting in which the CI and two undercover officers were present all as is indicated in the index

attached as Exhibit 1. These two tapes are available for your review and copies of them (Exhibit Nos. N-218 & N-219) is enclosed. Copies of the audiotapes will also be sent to the institution at which the defendant is being held in accordance with LR 116.4.

To date, draft transcripts of these tapes have not been prepared. However, summaries of some of the recorded conversations are included in the DEA reports provided along with this letter. Any transcripts that are prepared will be provided to you in accordance with the Local Rules.

    c.    <u>Grand Jury Testimony of the defendant</u>

The defendant did not testify before the grand jury. Nor am I aware of any other statements made by him to law enforcement agents other than answers to the standard booking questions that would have been posed to him after his arrest or as may be referenced in the reports produced in this action. If I become aware of any such additional statements, I will advise you at once.

    d.    <u>Oral Statements to then Known Government Agents</u>

Other than booking statements referenced in the preceding paragraph and other statements that may be referenced in the reports produced in this matter, I am presently unaware of any oral statements made by the defendant before or after arrest, in response to interrogation by a person then known by the defendant to be a government agent, which the government intends to use at trial. If I become aware of any such statements, I will advise you at once.

    2.    <u>Defendant's Prior Record under Rule 16(a)(1)(B)</u>

I understand that you received a copy of prior criminal record of the defendant from Pretrial Services. Please contact me if you need a duplicate copy.

    3.    <u>Documents and Tangible Objects under Rule 16(a)(1)(C)</u>

All books, papers, documents and tangible items that the are within the possession, custody, and control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this matter, or were obtained from or belong to the defendant may be examined by contacting the undersigned Assistant United States Attorney and making an

appointment to view the same at a mutually convenient time.

  4. <u>Reports of Examinations and Tests under Rule 16(a)(1)(D)</u>

  Copies of the DEA-7 laboratory reports relating to the drugs purchased and seized from the defendant are attached.

  Should we be unable to reach a stipulation as to the results of the examination of the drugs seized in this case, the government plans to offer testimony concerning the results of the laboratory analysis of the drug exhibits (i.e., that they are cocaine base) and testimony from the case agent or another qualified law enforcement agent that the drugs are that particular from of cocaine base known as crack cocaine. That testimony will be based on the agent's training and experience and his inspection of the color, appearance, texture, and/or odor of the drugs purchased form the defendant.

B. <u>Search Materials under Local Rule 116.1(C)(1)(b)</u>

  No search warrants were conducted of property belonging to the defendant in this case. Any items seized from the defendant at the time of his arrest may be examined by appointment in accordance with paragraph 3, above and a copy of any agency reports describing any inventory search will be provided to you upon receipt by this office.

  The government is not in possession of reports related to the seizures of evidence in this case that it anticipates offering in its case-in-chief beyond those items otherwise described in this letter or in the reports provided herewith.

C. <u>Electronic Surveillance under Local Rule 116.1(C)(1)(c)</u>

  No oral, wire or electronic communications of your client were intercepted by the government in connection with this case pursuant to 18 U.S.C. §§ 2510-2518.

D. <u>Consensual Interceptions under Local Rule 116.1(C)(1)(d)</u>

  As discussed above, this case involved the use of consensual monitored meetings and conversations that were recorded. Although summaries of some conversations have been prepared (and, as is indicated above, have been produced), no formal transcripts of these tapes (either draft or final) are presently available. Any such transcripts that are prepared will be made available to you in accordance with Local Rule 116.4(B). Although not

required by Local Rule 116.1(C)(1)(d)(i), the government has also produced the DEA and Fitchburg Police Department reports relating to these consensual recordings and other contacts with the defendant concerning the offense described in the Indictment. These reports are attached.

E.  **Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)**

There is no conspiracy alleged in the indictment in this case.

F.  **Identifications under Local Rule 116.1(C)(1)(f)**

After the CI in this case identified the defendant as a potential source of supply for crack cocaine, a booking photograph of the defendant was obtained and reviewed by the undercover officers before their meeting with the defendant. The meeting confirmed that the individual who provided the crack cocaine as alleged in the indictment was the Defendant. The UCs reviewed the photograph again after the buy to confirm that their meeting had been with the defendant.

Other than as set forth above or as may be described in the reports produced in this case, I have no information indicating that the defendant was the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo-spread or other display of an image of the defendant. In the event I become aware that such a procedure was used, I will advise you at that time and will provide you with copies of any tangible evidence reflecting, used in or memorializing the identification procedures.

G.  **Exculpatory Evidence under Local Rule 116.2**

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

1. The government is aware of no evidence that would tend directly to negate the defendants' guilt concerning any count in the Indictment.

2. The government is aware of no information that would cast doubt on the admissibility of evidence that the government anticipates offering as part of its case-in-chief and that could be subject to a motion to suppress or exclude.

    3.   No promises, rewards, or inducements have been given to any witness whom the government presently anticipates calling as part of its case-in-chief.

    4.   The government is unaware that any of its anticipated case-in chief-witnesses has any criminal record or criminal cases pending.

    5.   No named percipient witness failed to make a positive identification with respect to the crimes described in the indictment.

H.    <u>Other Matters</u>

    The government recognizes that its duty of disclosure and discovery as set forth in Local Rule 116 and Rule 16 of the Federal Rules of Criminal Procedure is a continuing one. In addition, please consider this letter to be a request for reciprocal discovery pursuant to Local Rule 116.1(D) and Fed. R. Crim. P. 16(b). I request that you provide a written response to my request for reciprocal discovery within 10 days of receipt of this letter.

I.    <u>Request for Alibi Information</u>

    According to the government's evidence, meetings and or conversations took place with the defendant on the following dates and times. At approximately 5:42 p.m. on 2/23/05, the defendant arrived at Espresso Pizza on Main Street in Fitchburg. Several minutes later he met with an individual at the corner of Newton and Main Street in Fitchburg. At approximately 6:00 p.m., the Defendant arrived at 10 Albee Street in Fitchburg.

    Pursuant to Fed. R. Crim. P. 12.1, the government hereby requests notice of any intention to offer an alibi defense to the charged offense or any of the above-captioned meetings or conversations.

If you have any questions about any of this information or wish to discuss this case, please call me at (617) 748-3100.

>Very truly yours,
>
>MICHAEL J. SULLIVAN
>United States Attorney
>
>By: _____
>PETER K. LEVITT
>Assistant U.S. Attorney

enclosures

cc:  Lisa Roland, Courtroom Clerk to
     U.S. Magistrate Judge Charles B. Swartwood