UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA          )
                                  )
                                  )
                                  )  Cr. No. 05-40011-FDS
ANDRE ROSADO,                     )
                                  )
                Defendant.        )
                                  )

**GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

The United States of America, pursuant to Fed. R. Crim. P. 30, requests that the Court, in addition to its usual instructions in criminal cases, give the following instructions to the jury.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Paul G. Casey
    Paul G. Casey
    Assistant U.S. Attorney

## TABLE OF CONTENTS

DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW . . . . . . . . . 4

PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT . . . 5

DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY . . . . . . . 7

WHAT IS EVIDENCE; INFERENCES . . . . . . . . . . . . . . . . 8

KINDS OF EVIDENCE: DIRECT AND CIRCUMSTANTIAL . . . . . . . . 9

CREDIBILITY OF WITNESSES . . . . . . . . . . . . . . . . . . 10

STIPULATIONS . . . . . . . . . . . . . . . . . . . . . . . . 11

WEIGHING THE TESTIMONY OF AN EXPERT WITNESS . . . . . . . . .12

COOPERATING WITNESSES/ACCOMPLICE WITNESSES . . . . . . . . . 13

CAUTIONARY AND LIMITING INSTRUCTIONS AS TO PARTICULAR
KINDS OF EVIDENCE . . . . . . . . . . . . . . . . . . . . . 17

WHAT IS NOT EVIDENCE . . . . . . . . . . . . . . . . . . . . 18

CONSPIRACY - INTRODUCTION . . . . . . . . . . . . . . . . . 20

POSSESSION WITH INTENT TO DISTRIBUTE ECSTASY
     21 U.S.C. § 841(a)(1) . . . . . . . . . . . . . . . . . 21

DISTRIBUTION OF ECSTASY 21 U.S.C. § 841(a)(1) . . . . . . . 24

LANGUAGE OF THE INDICTMENT: CONJUNCTIVE AND DISJUNCTIVE . . . 25

CONSPIRACY 21 U.S.C. § 846 . . . . . . . . . . . . . . . . . 26

"ON OR ABOUT" - EXPLAINED . . . . . . . . . . . . . . . . . 29

DEFINITION OF "KNOWINGLY" . . . . . . . . . . . . . . . . . 30

USE AND CARRYING FIREARM DURING AND IN RELATION
     TO DRUG TRAFFICKING CRIME 18 U.S.C. § 924(c) . . . . . . 31

DEFINITION OF A FIREARM . . . . . . . . . . . . . . . . . . 33

AID AND ABET 18 U.S.C. § 2 . . . . . . . . . . . . . . . . . 34

QUANTITY OF COCAINE BASE . . . . . . . . . . . . . . . . . . 36

FOREPERSON'S ROLE; UNANIMITY . . . . . . . . . . . . . . . . 37

CONSIDERATION OF EVIDENCE . . . . . . . . . . . . . . . . . 38

REACHING AGREEMENT . . . . . . . . . . . . . . . . . . . . 39

RETURN OF VERDICT FORM . . . . . . . . . . . . . . . . . . 41

COMMUNICATION WITH THE COURT . . . . . . . . . . . . . . . 42

**DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW**

It is your duty to find the facts from all the evidence admitted in this case. To those facts you must apply the law as I give it to you. The determination of the law is my duty as the presiding judge in this court. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return -- that is a matter entirely for you to decide.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

**PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT**

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his guilt is established beyond a reasonable doubt.  The presumption is not a mere formality.  It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you has the benefit of that presumption throughout the trial, and you are not to convict him of the crime charged unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that the defendant, Andre Rosado, is guilty of the crime with which he is charged beyond a reasonable doubt.  The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.  This burden never shifts to the defendant.  It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence.  The defendant has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of the crimes charged

against him.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to the defendant's guilt, it is your duty to acquit him. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of Andre Rosado guilt, you should vote to convict him.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

**DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY**

Andre Rosado has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that Rosado did not testify.  For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

7

## WHAT IS EVIDENCE; INFERENCES

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated.  A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact.  Since there is no disagreement, there is no need for evidence apart from the stipulation.  You must accept the stipulation as fact even though nothing more was said about it one way or the other.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents.  In other words, you are not limited solely to what you see and hear as the witnesses testify.  You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

## KINDS OF EVIDENCE: DIRECT AND CIRCUMSTANTIAL

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence; that is, proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

9

## CREDIBILITY OF WITNESSES

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented.  You do not have to accept the testimony of any witness if you find the witness not credible.  You must decide which witnesses to believe and which facts are true.  To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

### STIPULATIONS

The evidence in this case includes facts to which the lawyers have agreed or stipulated.  A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact.  Since there is no disagreement, there is no need for evidence apart from the stipulation.  You must accept the stipulation as fact to be given whatever weight you choose.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

## WEIGHING THE TESTIMONY OF AN EXPERT WITNESS

You have heard testimony from persons described as experts. An expert witness has special knowledge or experience that allows the witness to give an opinion.

You may accept or reject such testimony. In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion and all other evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions – First Circuit 1998 Edition.

## CAUTIONARY AND LIMITING INSTRUCTIONS
## AS TO PARTICULAR KINDS OF EVIDENCE

A particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for one particular purpose, and not for any other purpose.  I have told you when that occurred, and instructed you on the purposes for which the item can and cannot be used.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

13

## WHAT IS NOT EVIDENCE

Certain things are not evidence.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence because the lawyers are not witnesses.  What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.

(3) Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence.  You must not consider such items.

(4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at trial.

(5) The Indictment is not evidence.  This case, like most criminal cases, began with an indictment.  You will have that Indictment before you in the course of your deliberations in the jury room.  That Indictment was returned by a grand jury, which heard only the government's side of the case.  I caution you, as I have before, that the fact that this defendant has been indicted is

14

no evidence whatsoever of his guilt.  The Indictment is simply an accusation.  It is the means by which the allegations and charges of the government are brought before this court.  The Indictment proves nothing.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

## DISTRIBUTION OF A CONTROLLED SUBSTANCE

In Count One, Andre Rosado is accused of distributing cocaine base on or about February 23, 2005.

It is against federal law to distribute, that is, to transfer cocaine base, to another person.  For you to find Andre Rosado guilty of distributing cocaine base as alleged in Count One, you must be convinced that the government has proved each of the following things beyond a reasonable doubt:

**First**, that on or about the date alleged in the indictment, the defendant, Andre Rosado, transferred cocaine base to another person;

**Second**, that he knew that the substance was cocaine base; and

**Third**, that Andre Rosado acted intentionally, that is, that it was his conscious object to transfer cocaine base to another person.

It is not necessary for that Andre Rosado benefitted in any way from the transfer.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions – First Circuit 1998 Edition.

### POSSESSION WITH INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE

In Count Two, Andre Rosado is accused of possessing cocaine base with intent to distribute it on or about April 6, 2005.

It is against federal law to have cocaine base in your possession with the intention of distributing it to someone else. For you to find the defendant, Andre Rosado, guilty of this crime, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

**First**, that the defendant, Andre Rosado, on or about the date alleged, did possess cocaine base, either actually or constructively;

**Second**, that he did so with a specific intent to distribute the cocaine base over which he had actual or constructive possession; and

**Third**, that he did so knowingly and intentionally.

It is not necessary for you to be convinced that the defendant, Andre Rosado, actually delivered the cocaine base to someone else, or that he made any money out of the transaction. It is enough for the government to prove, beyond a reasonable doubt, that he had in his possession what he knew was cocaine base and that he intended to transfer it or some of it to someone else.

A person's intent may be inferred from the surrounding circumstances. Intent to distribute may, for example, be inferred from a quantity of drugs larger than that needed for personal use. In other words, if you find that the defendant possessed a quantity of cocaine base more than that which would be needed for personal

17

use, then you may infer that the defendant intended to distribute cocaine base.   The law does not require you to draw such an inference, but you may draw it.

The term "possess" means to exercise authority, dominion or control over something.   The law recognizes different kinds of possession.

Possession includes both actual and constructive possession. A person who has direct physical control of something on or around his person is then in actual possession of it.   A person who is not in actual possession – that is, who does not physically control the item – but who has both the power and the intent to exercise control over it, is in constructive possession of it.   In either case, the person is in possession of the item.   Whenever I use the term possession in these instructions, I mean constructive as well as actual possession.

Possession also includes both sole possession and joint possession.   One person alone may have actual or constructive possession.   In that event, possession is sole.   If two or more people share actual or constructive possession of an item, possession is joint.   In either event, the person who has sole or joint possession of an item possesses it.   Whenever I have used the word possession in these instructions, I mean joint as well as sole possession.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

**"ON OR ABOUT" - EXPLAINED**

The Indictment charges that the offenses alleged were committed "on or about" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the dates alleged in the Indictment, it is not necessary for the government to prove that the offense was committed precisely on the dates charged.

Adapted from Devitt, Blackmar, Wolff, and O'Malley, <u>Federal Jury Practice and Instructions,</u> §13.05 (4th Ed. 1992).

## DEFINITION OF "KNOWINGLY"

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

**POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME**

In Count Three of the Indictment, the defendant is accused of possession of a firearm in furtherance of the drug trafficking crime alleged in Count Two of the Indictment. You will recall Count Two accuses the defendant of possessing cocaine base on or about April 6, 2005, with intent to distribute it. For you to find the defendant guilty of the crime of using and carrying a firearm during and in relation to possessing with intent to distribute cocaine base on or about April 6, 2005, the government must prove each of the following things beyond a reasonable doubt:

**First**, that Andre Rosado committed the offense charged in Count Two, possession of cocaine base on April 6, 2005 with intent to distribute; and

**Second**, that during and in relation to the commission of that offense, Andre Rosado knowingly possessed a firearm.

The word "knowingly" means that an act was done voluntarily and intentionally, not because of mistake or accident.

The Indictment alleges that two firearms were possessed in furtherance of the crime alleged in Count Two. You can find a particular defendant guilty of this crime if you find all of the elements of the crime with respect to any one of the charged firearms. You do not need to find possession of all of the charged firearms to find a defendant guilty, but you must be unanimous as to any firearm you find to have been possessed. As I stated earlier with respect to certain drug charges, the term "possess" means to exercise authority, dominion, or control over something.

21

It is not necessarily the same as legal ownership. The law recognizes different kinds of possession, including actual possession and constructive possession. A person who has direct physical control of something on or around his person is in actual possession of it. That is, a person who physically holds an object or has it on his person is in actual possession of the object.

A person who is not in actual possession, but who knowingly has both the power and the intention to exercise control over something, is in constructive possession of it. That is, a person who places or stores an object in a location over which he has the ability to control, and who also intends to exercise control over that object, is in constructive possession of that object. The government need not prove that the defendant had exclusive control over the area where the object was placed or stored. The law recognizes no distinction between actual and constructive possession; either form of possession is sufficient to satisfy the second element of this crime.

Possession includes both sole and joint possession. The defendant need not have exclusive possession of an item for you to determine that he is in constructive possession of it. If one person alone has actual or constructive possession, possession is sole. If two or more persons share actual or constructive possession, possession is joint. Again, the law recognizes no distinction between sole and joint possession; either form of

possession is sufficient to satisfy the second element of this crime.

The element of possession is proved if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others, of one or more of the charged firearms. It is not necessary for the government to prove ownership of the firearms for you to find that the defendant possessed them.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive. It does not need to be operable, but it must be a real firearm, and not a replica or toy gun. It includes real firearms, including handguns, rifles, shotguns, and machineguns.

The government must also establish that the defendant was in <u>knowing</u> possession of the firearm. An object is possessed knowingly if it is possessed voluntarily and intentionally, not because of mistake or accident.

This does not mean that the government must show that the defendant knew he was violating the law or intended to violate the law by possessing a firearm. To satisfy this requirement, the government only needs to prove that the defendant knew he was in possession of one or more of the charged firearms.

18 U.S.C. §924(c)(1); <u>First Circuit Pattern Jury Instructions (Criminal Cases)</u>, Committee on Pattern Jury Instructions First Circuit (West 1998), §4.06; <u>United States v. Bartelho</u>, 71 F.3d 436, 439 (1st Cir. 1995); 2 Leonard B. Sand <u>et al.</u>, <u>Modern Federal Jury</u>

<u>Instructions</u>, Nos. 35-48, 35-49, 35-50 (1999); <u>United States v. Zavala Maldonado</u>, 23 F.3d 4, 7-8 (1st Cir. 1994); <u>United States v. Wight</u>, 968 F.2d 1393, 1398 (1st Cir. 1992); <u>United States v. Booth</u>, 111 F.3d 1, 2 (1st Cir. 1997); <u>United States v. Meade</u>, 110 F.3d 190, 202-03 (1st Cir. 1997); <u>United States v. Rogers</u>, 41 F.3d 25, 29 (1st Cir. 1994); <u>United States v. Ladd</u>, 877 F.2d 1083, 1087-88 (1st Cir. 1989); 1A Kevin F. O'Malley <u>et al.</u>, <u>Federal Jury Practice and Instructions</u>, §§16.05, 17.04 (5th ed. 2000); 18 U.S.C. §921(a)(3); <u>United States v. Tracy</u>, 36 F.3d 187, 194-95 (1st Cir. 1994); <u>United States v. Field</u>, 39 F.3d 15, 17 (1st Cir. 1994); <u>Barrett v. United States</u>, 423 U.S. 212, 224-25 (1976); <u>Scarborough v. United States</u>, 431 U.S. 563, 566, 575-77 (1977); <u>United States v. Acosta</u>, 67 F.3d 334, 340 (1st Cir. 1995); <u>United States v. Gillies</u>, 851 F.2d 492, 493-96 (1st Cir. 1988); <u>United States v. Kirsh</u>, 54 F.3d 1062, 1071 (2[d] Cir. 1995); <u>United States v. Sanders</u>, 35 F.3d 61, 62 (2[d] Cir. 1994).

## FELON-IN-POSSESSION OF A FIREARM

Andre Rosado is accused of being a convicted felon in possession of a firearm on or about April 6, 2005 in Count Four. This charge is based on a criminal statute that makes it unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to possess a firearm in or affecting commerce.

In order to find a particular defendant guilty of being a felon-in-possession of a firearm as charged in Count Four, you must be satisfied beyond a reasonable doubt of the following three elements:

**First:**    That on or about the date charged, Andre Rosado was a convicted felon, that is, that he was previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year;

**Second:**    That on or about the date charged, Andre Rosado knowingly possessed, actually or constructively, solely or jointly, one or more of the charged firearms specified in the Indictment; and

**Third:**    That the firearms possessed were connected to interstate commerce.

The first element which the government must prove is that Andre Rosado was a convicted felon at the time of the charged possession of the firearm.  You must be satisfied that he was convicted in any court of a crime punishable by imprisonment for a term exceeding one year, and that such conviction took place at a time before the time that it is alleged the defendant was in

possession of one or more of the firearm. I instruct you that conspiracy to commit murder is such a crime.

The second element the government must prove is that the particular defendant knowingly possessed one or more of the charged firearms. You can find a particular defendant guilty of this crime if you find all of the elements of the crime with respect to any one of the charged firearms. You do not need to find possession of all of the charged firearms to find a defendant guilty, but you must be unanimous as to any firearm you find to have been possessed. As I stated earlier with respect to certain drug charges, the term "possess" means to exercise authority, dominion, or control over something. It is not necessarily the same as legal ownership. The law recognizes different kinds of possession, including actual possession and constructive possession. A person who has direct physical control of something on or around his person is in actual possession of it. That is, a person who physically holds an object or has it on his person is in actual possession of the object.

A person who is not in actual possession, but who knowingly has both the power and the intention to exercise control over something, is in constructive possession of it. That is, a person who places or stores an object in a location over which he has the ability to control, and who also intends to exercise control over that object, is in constructive possession of that object. The

government need not prove that the defendant had exclusive control over the area where the object was placed or stored. The law recognizes no distinction between actual and constructive possession; either form of possession is sufficient to satisfy the second element of this crime.

Possession includes both sole and joint possession. The defendant need not have exclusive possession of an item for you to determine that he is in constructive possession of it. If one person alone has actual or constructive possession, possession is sole. If two or more persons share actual or constructive possession, possession is joint. Again, the law recognizes no distinction between sole and joint possession; either form of possession is sufficient to satisfy the second element of this crime.

The element of possession is proved if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others, of one or more of the charged firearms. It is not necessary for the government to prove ownership of the firearms for you to find that the defendant possessed them.

The term "firearm" has also been explained earlier and means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive. It does not need to be operable, but it must be a real firearm, and not a

replica or toy gun.  It includes real firearms, including handguns, rifles, shotguns, and machineguns.

The government must also establish that the defendant was in <u>knowing</u> possession of the firearm.  An object is possessed knowingly if it is possessed voluntarily and intentionally, not because of mistake or accident.

This does not mean that the government must show that the defendant knew he was violating the law or intended to violate the law by possessing a firearm.  To satisfy this requirement, the government only needs to prove that the defendant knew he was in possession of one or more of the charged firearms.

The third element that the government must prove in connection with the felon-in-possession counts is that the particular defendant's knowing possession of one or more of the firearms was in or affecting commerce.  This term simply means that the firearm must have had some minimal link to interstate commerce.  This element is satisfied if it is established beyond a reasonable doubt that at some time during the life of the firearm it moved across a state line.  Thus, if it is established that the firearm was manufactured in a state other than Massachusetts and then was possessed by the defendant in Massachusetts, this element has been satisfied.

It is not necessary for the government to prove that the defendant purchased or obtained the firearm in some other state and

carried it into Massachusetts.  In addition, the government does not have to prove that the defendant knew that the firearm had crossed state lines, or that the firearm crossed state lines prior to the time that the defendant allegedly became convicted of a crime punishable by a term of imprisonment exceeding one year.  The government need not prove who did purchase the firearm or how it arrived in Massachusetts.  The shipment or transportation of the firearm across state lines need not be connected to the charge in the Indictment and need not have been in furtherance of any unlawful activity.  It may be completely unrelated to the defendant.  All that is required is proof that the firearm had traveled in interstate commerce by moving across a state line at any time prior to the defendant's alleged possession of it.

18 U.S.C. §922(g)(1); First Circuit Pattern Jury Instructions (Criminal Cases), Committee on Pattern Jury Instructions First Circuit (West 1998), §4.06; United States v. Bartelho, 71 F.3d 436, 439 (1st Cir. 1995); 2 Leonard B. Sand et al., Modern Federal Jury Instructions, Nos. 35-48, 35-49, 35-50 (1999); United States v. Zavala Maldonado, 23 F.3d 4, 7-8 (1st Cir. 1994); United States v. Wight, 968 F.2d 1393, 1398 (1st Cir. 1992); United States v. Booth, 111 F.3d 1, 2 (1st Cir. 1997); United States v. Meade, 110 F.3d 190, 202-03 (1st Cir. 1997); United States v. Rogers, 41 F.3d 25, 29 (1st Cir. 1994); United States v. Ladd, 877 F.2d 1083, 1087-88 (1st Cir. 1989); 1A Kevin F. O'Malley et al., Federal Jury Practice and Instructions, §§16.05, 17.04 (5th ed. 2000); 18 U.S.C. §921(a)(3); United States v. Tracy, 36 F.3d 187, 194-95 (1st Cir. 1994); United States v. Field, 39 F.3d 15, 17 (1st Cir. 1994); Barrett v. United States, 423 U.S. 212, 224-25 (1976); Scarborough v. United States, 431 U.S. 563, 566, 575-77 (1977); United States v. Acosta, 67 F.3d 334, 340 (1st Cir. 1995); United States v. Gillies, 851 F.2d 492, 493-96 (1st Cir. 1988); United States v. Kirsh, 54 F.3d 1062, 1071 (2d Cir. 1995); United States v. Sanders, 35 F.3d 61, 62 (2d Cir. 1994).

**AID AND ABET**

To aid or abet means intentionally to help someone else commit a crime.  To establish aiding and abetting, the government must prove beyond a reasonable doubt that (1) someone else committed the crime charged; and (2) Andre Rosado associated himself in some way with the crime and participated in it as he would in something he wished to bring about.  This means that the government must prove that Andre Rosado consciously shared the other person's knowledge of the underlying criminal act and intended to help him.  Andre Rosado need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its execution to be guilty of aiding and abetting.  But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough.  Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

Adapted from: Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First

Circuit 1998 Edition.

### QUANTITY OF COCAINE BASE

You will note that at the conclusion of the Indictment, the government has alleged that various counts of the Indictment involved a certain quantity of cocaine base. You must decide whether the government has proven beyond a reasonable doubt the amount of cocaine base involved Counts One and Two. The verdict form that will be provided to you by the Clerk will contain a space on which you can indicate your conclusion as to the amounts. If you do not conclude beyond a reasonable doubt that the amount of cocaine base was the amount charged or more, you may still convict the defendant of that charge, but will state in your verdict that the amount alleged has not been proven beyond a reasonable doubt.

## FOREPERSON'S ROLE; UNANIMITY

I come now to the last part of the instructions, the rules for your deliberations.

When you retire you will discuss the case with the other jurors to reach agreement if you can do so.  You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court.  Your verdict must be unanimous.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

**CONSIDERATION OF EVIDENCE**

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be -- that is entirely for you to decide.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

**REACHING AGREEMENT**

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong.  But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try.  There is no reason to think it could be better tried or that another jury is better qualified to decide it.  It is important therefore that you reach a verdict if you can do so conscientiously.  If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them.  You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own conscientious determination.  Do not surrender an honest

34

conviction as to the weight and effect of the evidence simply to reach a verdict.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

## RETURN OF VERDICT FORM

I want to read to you now what is called the verdict form. This is simply the written notice of the decision you will reach in this case.

**Read verdict form.**

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit

1998 Edition.

## COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time. You may continue with your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

## VERDICT FORM

Count One:
        Distribution of                    Guilty        Not
        Cocaine Base                                      Guilty

                                            ☐             ☐


        If you find defendant guilty of Count One, please fill in the
following information regarding the amount of cocaine base he is
guilty of distributing.  If you find the defendant not guilty of
Count One, please proceed to Count Two.

        The Jury finds defendant distributed _____ grams of cocaine
base on or about February 23, 2005.

Count Two:
        Possession with Intent to          Guilty        Not
        Distribute Cocaine Base                           Guilty

                                            ☐             ☐


        If you find defendant guilty of Count Two, please fill in the
following information regarding the amount of cocaine base he is
guilty of possessing with intent to distribute.  If you find the
defendant not guilty of Count Two, please proceed to Count Three.


        The Jury finds defendant distributed _____ grams of cocaine
base on or about April 6, 2005.

Count Three:
        Possession of a Firearm
        in Furtherance of a Drug            Guilty        Not
        Trafficking Offense                               Guilty

                                            ☐             ☐


Count Four:
        Felon in Possession                 Guilty        Not
        of a Firearm                                      Guilty

                                            ☐             ☐

39

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the Edward Hayden, attorney of record, a registered participant identified on the Notice of Electronic Filing (NEF).

                         /s/ Paul G. Casey
                        PAUL G. CASEY
                        Assistant United States Attorney

40