```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA    )
                            )
                            )
                            )  Cr. No. 05-40011-FDS
ANDRE ROSADO,               )
                            )
            Defendant.      )
                            )
```

**GOVERNMENT'S AMENDED PROPOSED PRELIMINARY JURY INSTRUCTIONS**

The United States of America, pursuant to Fed. R. Crim. P. 30, requests that the Court, in addition to its usual instructions in criminal cases, give the following preliminary instructions to the jury.

```
                            Respectfully submitted,

                            MICHAEL J. SULLIVAN
                            United States Attorney


                       By: /s/ Paul G. Casey
                           Paul G. Casey
                           Assistant U.S. Attorney
```

**TABLE OF CONTENTS**

**DUTIES OF THE JURY** . . . . . . . . . . . . . . . . . . . . . . . . 3

**NATURE OF INDICTMENT -- PRESUMPTION OF INNOCENCE** . . . . . . . . 4

**PRELIMINARY STATEMENT OF ELEMENTS OF CRIME** . . . . . . . . . . . 5

**EVIDENCE; OBJECTIONS; RULINGS; BENCH CONFERENCES** . . . . . . . . 8

**CREDIBILITY OF WITNESSES** . . . . . . . . . . . . . . . . . . . . 10

**CONDUCT OF THE JURY** . . . . . . . . . . . . . . . . . . . . . . 11

**NOTE-TAKING** . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**OUTLINE OF THE TRIAL** . . . . . . . . . . . . . . . . . . . . . . 14

**DUTIES OF THE JURY**

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial I will give you more detailed instructions. Those instructions will control your deliberations. It will be your duty to decide from the evidence what the facts are. You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law I give to you. That is how you will reach your verdict. In doing so, you must follow that law whether you agree with it or not. The evidence will consist of the testimony of witnesses, audio tapes, controlled substances, firearms, and other things received in evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the believability or significance of the evidence or what your verdict should be.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

**NATURE OF INDICTMENT -- PRESUMPTION OF INNOCENCE**

This criminal case has been brought by the United States government. I will sometimes refer to the government as the prosecution. The government is represented at this trial by Assistant United States Attorneys Leah Foley and Paul Casey. The defendant, Andre Rosado, is represented by Edward Hayden.

The defendant has been charged by the government with violation of federal law. The defendant is charged with distributing a controlled substance known as cocaine base. He is also charged with possession with intent to distribute cocaine base. He is also charged with possessing a firearm in furtherance of a drug trafficking crime. Finally, he is charged with possession of a firearm by a convicted felon.

The charge against the defendant is contained in the Indictment. The Indictment is simply a description of the charge against the defendant; it is not evidence of anything. The defendant pleaded not guilty to the charges and denies committing the crimes charged. He is presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven his guilt beyond a reasonable doubt.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

**PRELIMINARY STATEMENT OF ELEMENTS OF CRIME**

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes charged, each of which the government must prove beyond a reasonable doubt to make its case. The first count of the Indictment charges defendant with distribution of cocaine base on or about February 23, 2005. To prove that the defendant distributed cocaine base, the government must prove each of the following elements beyond a reasonable doubt:

> First, that the defendant, on or about the date alleged in the indictment, transferred cocaine base to another person;
>
> Second, that the defendant knew that the substance was cocaine base; and
>
> Third, that the defendant acted intentionally, that is, that it was his conscious object to transfer cocaine base to another person.

Count Two charges the defendant with possession with intent to distribute cocaine base on April 6, 2005. To prove that the defendant possessed cocaine base with intent to distribute, the government must prove beyond a reasonable doubt each of the following:

> First, that the defendant, on or about the date alleged in the indictment, possessed cocaine base, either actually or constructively;
>
> Second, that the defendant possessed cocaine base over which he had actual or constructive possession with the intent to distribute it; and
>
> Third, that the defendant did so knowingly and

intentionally.

Possession includes both actual and constructive possession, and I will charge you more on the meaning of those terms in the final jury instruction.

Count Three charges the defendant with possessing a firearm in furtherance of a drug trafficking crime.  To prove that the defendant possessed a firearm in furtherance of a drug trafficking crime, the government must prove each of the following elements beyond a reasonable doubt:

> First, that the defendant committed the offense charged in Count Two, possession with intent to distribute cocaine base on April 6, 2005; and

> Second, that the defendant possessed a firearm in furtherance of that offense.

Count Four charges the defendant with being a convicted felon in possession of a firearm on or about April 6, 2005.  To prove that the defendant was a felon in possession of a firearm, the government must prove each of the following beyond a reasonable doubt:

> First, that on or about the date alleged, the defendant was a convicted felon, that is, that he had been previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year.

> Second, at any time on or about the date alleged, the defendant knowingly possessed the firearm described in the indictment.

> Third, the firearm was connected to interstate or foreign commerce.  This means that the firearm, at any time after it was manufactured, moved from one state to another or from a foreign county into the United States.

You should understand that what I have just given you is only a preliminary outline. At the end of the trial I will give you a final instruction on these matters. If there is any difference between what I just told you, and what I tell you in the instruction I give you at the end of the trial, the instructions given at the end of the trial govern.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

**EVIDENCE; OBJECTIONS; RULINGS; BENCH CONFERENCES**

I have mentioned the word "evidence." Evidence includes the testimony of witnesses, controlled substances and other things received as exhibits, and any facts that have been stipulated -- that is, formally agreed to by the parties.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.

Then it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Certain things are not evidence. I will list those things for you now:

(1) Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

(2) Objections are not evidence. Lawyers have a duty to

their client to object when they believe something is improper under the rules of evidence.  You should not be influenced by the objection.  If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained.  If I overrule the objection, the evidence will be admitted, but do not give it special attention because of the objection.

    (3) Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

    (4) Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

    Furthermore, a particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for a particular purpose, and not for any other purpose.  I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

    Finally, some of you may have heard the terms "direct evidence" and  "circumstantial evidence."  Direct evidence is testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find or infer another fact.  You may consider both direct and circumstantial evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

**CREDIBILITY OF WITNESSES**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

**CONDUCT OF THE JURY**

To insure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict;

Second, do not talk with anyone else about this case, or about anyone who has anything to do with it, until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell them that you are a juror, but do not tell them anything about the case until after you have been discharged by me;

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it. If someone should try to talk to you, please report it to me immediately;

Fourth, during the trial do not talk with or speak to any of the parties, lawyers or witnesses involved in this case -- you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side -- even if it is simply to pass the time of day -- an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to

you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk or visit with you;

Fifth, do not read any news stories or articles about the case or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it;

Sixth, do not do any research, such as consulting dictionaries or other reference materials, and do not make any investigation about the case on your own;

Seventh, if you need to communicate with me simply give a signed note to the court security officer to give to me; and

Eighth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.  Keep an open mind until then.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

**NOTE-TAKING**

I am going to permit you to take notes in this case, and the courtroom deputy has distributed pencils and pads for your use. I want to give you a couple of warnings about taking notes, however.  First of all, do not allow your note-taking to distract you from listening carefully to the testimony that is being presented.  If you would prefer not to take notes at all but simply to listen, please feel free to do so.  Please remember also from some of your grade-school experiences that not everything you write down is necessarily what was said.  Thus, when you return to the jury room to discuss the case, do not assume simply because something appears in somebody's notes that it necessarily took place in court.  Instead, it is your collective memory that must control as you deliberate upon the verdict.  Please take your notes to the jury room at every recess.  I will have the courtroom deputy collect them at the end of each day and place them in the vault.  They will then be returned to you the next morning.  When the case is over, your notes will be destroyed.  These steps are in line with my earlier instruction to you that it is important that you not discuss the case with anyone or permit anyone to discuss it with you.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

**OUTLINE OF THE TRIAL**

The first step in the trial will be the opening statements. The government in its opening statement will tell you about the evidence that it intends to put before you, so that you will have an idea of what the government's case is going to be.

Just as the Indictment is not evidence, neither is the opening statement evidence. Its purpose is only to help you understand what the evidence will be and what the government will try to prove.

After the government's opening statement, the defendant's attorney may, if he chooses, make an opening statement. At this point in the trial, no evidence has been offered by either side.

Next the government will offer evidence that it says will support the charge against the defendant. The government's evidence in this case will consist of the testimony of witnesses, and may include recorded conversations and other exhibits.

After the government's evidence, the defendant's lawyer may present evidence in the defendant's behalf, but the defendant is not required to do so. I remind you that the defendant is presumed innocent, and the government must prove the guilt of the defendant beyond a reasonable doubt. The defendant does not have to prove his innocence.

After you have heard all the evidence on both sides, the government and the defense will each be given time for their

final arguments.  I just told you that the opening statements by the lawyers are not evidence.  The same applies to the closing arguments.  They are not evidence either.  In their closing arguments the lawyers for the government and the defendant will attempt to summarize and help you understand the evidence that was presented.

   The final part of the trial occurs when I instruct you about the rules of law that you are to use in reaching your verdict.  After hearing my instructions, you will leave the courtroom together to make your decisions.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the Edward Hayden, attorney of record, a registered participant identified on the Notice of Electronic Filing (NEF).

<pre>
                              /s/ Paul G. Casey
                              PAUL G. CASEY
                              Assistant United States Attorney
</pre>