# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

UNITED STATES of AMERICA )
)
)
v. )          **Criminal No.**
)          **05-40011-FDS**
ANDRE ROSADO, )
)
Defendant. )
)

## JURY INSTRUCTIONS

## DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW

It is your duty to find the facts from the evidence admitted in this case. To those facts, you must apply the law as I give it to you. The determination of the law is my duty as the judge. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not.

In following my instructions, you must follow all of them, and not single out some and ignore others. They are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestion by me as to what verdict you should return—that is a matter entirely for you to decide.

2

## PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT

Every person accused of a crime is presumed to be innocent unless and until his guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a fundamental principle of our system of justice.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to prove that the defendant is guilty of the crime with which he is charged beyond a reasonable doubt.

This burden never shifts to the defendant. It is always the government's burden to prove each of the elements of the crime charged beyond a reasonable doubt. The defendant does not have to prove that he is innocent, or even present any evidence.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. You may not convict the defendant if the government fails, or is unable, to establish beyond a reasonable doubt any essential element of the crime charged against him.

You may not convict the defendant based on speculation or conjecture.

You may not convict the defendant if you decide that it is equally likely that he is guilty or not guilty. If you decide that the evidence would reasonably permit either of two conclusions—either that he is guilty as charged, or that he is not guilty—you must find the defendant not guilty.

You may not convict the defendant if you decide that it is only probable that he is guilty. A mere probability of guilt is not guilt beyond a reasonable doubt.

The law does not require that the government prove guilt beyond all possible doubt; proof

3

beyond a reasonable doubt is sufficient to convict. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.

Again, the defendant is presumed to be innocent, and the government bears the burden of proving him guilty beyond a reasonable doubt. If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to the defendant's guilt, it is your duty to acquit him. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt as to his guilt, you should vote to convict him.

## DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY

The defendant has a constitutional right not to testify. No inference of guilt, or of anything else, may be drawn from the fact that he did not testify. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

## WHAT IS EVIDENCE; STIPULATIONS

The evidence in this case consists of the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated.

A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact. You must accept the stipulation as fact even though nothing more was said about it one way or the other.

## INFERENCES

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the plain statements made by witnesses or contained in the documents. In other words, you are not limited solely to what you saw and heard as the witnesses testified.

You are also permitted to draw reasonable inferences from the facts, if you believe those inferences are justified in light of common sense and personal experience. An inference is simply a deduction or conclusion that may be drawn from the facts that have been established.

Any inference you draw must be reasonable. It may not be based on speculation or conjecture.

## KINDS OF EVIDENCE; DIRECT AND CIRCUMSTANTIAL

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as the testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence, that is, proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proved directly.

You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both. It is for you to decide how much weight to give to any evidence.

8

## WHAT IS NOT EVIDENCE

Certain things are not evidence.

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of the facts should control.

(2) Questions by lawyers, standing alone, are not evidence. Again, the lawyers are not witnesses. The question and the answer taken together are the evidence.

(3) Objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by any objection or by my ruling on it.

(4) Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence. You must not consider such items.

(5) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

(6) The indictment is not evidence.

9

## THE INDICTMENT

This case, like most criminal cases, began with an indictment. You will have that indictment before you in the course of your deliberations in the jury room. The fact that the defendant has been indicted is not evidence of his guilt. The indictment is simply an accusation. It is the means by which the allegations and charges of the government are brought before this court. The indictment is not proof of anything.

An indictment may allege more than one charge against a defendant. When it does, the different charges are stated separately in what are called counts. The indictment in this case contains four counts.

## VERDICT BASED SOLELY ON THE EVIDENCE

Your verdict must be based solely upon the evidence. In reaching your decision as to whether the government has sustained its burden of proof, it would be improper for you to consider anything that is not evidence, or any personal feelings, prejudices, or sympathies you may have about the defendant or about the nature of the crime with which the defendant is charged. Similarly, you may not consider or be influenced by any possible punishment that may be imposed on the defendant. Again, your verdict must be based solely on the evidence and according to the law.

## CREDIBILITY OF WITNESSES

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called, or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented.

You do not have to accept the testimony of any witness if you find the witness not credible. You must decide which witnesses to believe, considering all of the evidence and drawing upon your common sense and personal experience. You may believe all of the testimony of a witness, or some of it, or none of it.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; any apparent fairness or unfairness they may have displayed; any interest they may have in the outcome of the case; any prejudice or bias they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other evidence that tends to support or contradict their versions of the events.

## PRIOR INCONSISTENT STATEMENTS

The testimony of a witness may be discredited or impeached by showing that he or she previously made statements that are inconsistent with his or her present testimony. If a witness is shown to have given inconsistent statements concerning any material matter, you have a right to distrust that witness's testimony in other respects. You may reject all of the testimony of that witness or give it such credibility as you may think it deserves.

Sometimes, of course, people make innocent mistakes, particularly as to unimportant details; not every contradiction or inconsistency is necessarily important. Again, you alone are the judges of the witnesses' credibility.

If you find that a witness has given inconsistent testimony under oath on an earlier occasion, such as before the grand jury, you may consider that earlier statement for its truth or falsity, the same as any other testimony.

13

## LAW ENFORCEMENT WITNESSES

You have heard the testimony of certain law enforcement officers. The fact that a witness may be employed as a law enforcement officer does not mean that his testimony is necessarily deserving of more or less consideration or greater or less weight than that of any other witness.

It is for you to decide, after reviewing all of the evidence, whether to accept the testimony of the law enforcement officer witnesses, and what weight, if any, to give to that testimony.

## EXPERT WITNESSES

You have heard testimony from persons described as experts. An expert witness has special knowledge or experience that allows the witness to given an opinion.

You may accept or reject such testimony. In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

## CAUTIONARY AND LIMITING INSTRUCTIONS

A particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I have told you when that occurred, and instructed you on the purposes for which the item can and cannot be used.

## DRUG AND FIREARM EVIDENCE

The court has received in evidence certain items that the government contends are controlled substances or firearms. Those items are in evidence, just like all the other exhibits. In accordance with the standard procedures of the court, those items will not be with you in the jury room when you deliberate. You may nonetheless treat those items as you would any other items of evidence, and consider them in the course of your deliberations. Should you desire to examine any or all of that evidence, please give a note to that effect to the court officer and we will make appropriate arrangements for you to do so.

17

## EXHIBIT NUMBERS

The numbers assigned to the exhibits are for convenience and in order to ensure an orderly procedure. You should draw no inference from the fact that a particular exhibit was assigned a particular number, or that there may be gaps in the number sequence.

## ELEMENTS OF THE OFFENSES - INTRODUCTION

I am now going to give you some instructions on the nature of the crimes charged in the indictment and the elements of the offenses that the government must prove beyond a reasonable doubt.

The indictment contains four counts, which charge the defendant, Andre Rosado, with four different crimes.

Count One charges the defendant with distribution of cocaine base on or about February 23, 2005. Count Two charges him with possessing cocaine base with intent to distribute it on or about April 6, 2005. Count Three charges him with possessing a firearm in furtherance of the drug trafficking crime alleged in Count Two. Count Four charges him with possessing a firearm after a prior felony conviction.

I will explain each of those charges in turn.

19

## DISTRIBUTION - ELEMENTS OF THE OFFENSE

Count One alleges the crime of distributing cocaine base.

It is against federal law to distribute cocaine base to another person. For you to find the defendant guilty of distribution of cocaine base, you must be convinced that the government has proved each of the following things beyond a reasonable doubt:

First, that the defendant transferred cocaine base to another person on or about February 23, 2005;

Second, that he knew that the substance he transferred was cocaine base; and

Third, that he acted intentionally, that is, that it was his conscious object to transfer the cocaine base to another person.

## POSSESSION WITH INTENT TO DISTRIBUTE - ELEMENTS OF THE OFFENSE

Count Two alleges the crime of possessing cocaine base with intent to distribute it.

It is against federal law to possess cocaine base with the intention of distributing it to someone else. For you to find the defendant guilty of possession with intent to distribute cocaine base, you must be convinced that the government has proved each of the following things beyond a reasonable doubt:

First, that the defendant, on or about April 6, 2005, possessed cocaine base;

Second, that he did so with a specific intent to distribute the cocaine base; and

Third, that he did so knowingly and intentionally.

## POSSESSION WITH INTENT TO DISTRIBUTE - MEANING OF "POSSESSION"

The term "to possess" means to exercise authority, dominion, or control over something. The law recognizes different kinds of possession.

Possession may be "actual" or "constructive." "Actual" possession is when a person has direct physical control of something on or around his person. "Constructive" possession is when a person who is not in actual possession—that is, who does not physically control the item—has both the power and the intent to exercise dominion and control over it. In either case, the person is in possession of the item. Whenever I use the term "possession" in these instructions, I mean constructive as well as actual possession.

The government does not have to prove that the defendant was the only person who had possession of the item. Two or more persons can together share possession over property - that is, possess it jointly, or at the same time. A person who shares possession over property may possess that property either actually or constructively.

## POSSESSION WITH INTENT TO DISTRIBUTE - KNOWLEDGE AND INTENT

To act "knowingly" means to act voluntarily and intentionally and not because of a mistake or accident.

A person's intent may be inferred from the surrounding circumstances. Intent to distribute may, for example, be inferred from a quantity of drugs larger than that needed for personal use. In other words, if you find that the defendant possessed more cocaine base than that which would be needed for personal use, then you may infer that the defendant intended to distribute cocaine base. The law does not require you to draw such an inference, but you may draw it.

For purposes of Count Two, it is not necessary for the government to prove that the defendant actually delivered the cocaine base to someone else, or that he made any money out of, or benefitted from, the transaction. It is enough for the government to prove beyond a reasonable doubt that he had in his possession what he knew was cocaine base and that he specifically intended to transfer it to someone else.

23

## POSSESSION WITH INTENT TO DISTRIBUTE - LESSER INCLUDED OFFENSE -SIMPLE POSSESSION

I have just explained what the government has to prove for you to convict the defendant of possession of cocaine base with intent to distribute. Your first task in Count Two is to decide whether the government has proved beyond a reasonable doubt that the defendant committed that crime. If your verdict is "not guilty" as to that charge, you should go on to consider whether the defendant is nonetheless guilty of the crime of possession of cocaine base. Possession of cocaine base – which is sometimes referred to as "simple possession" – is what we call a "lesser included offense" of the crime of possession of cocaine base with intent to distribute.

For you to find the defendant guilty of the crime of possession of cocaine base, you must be convinced that the government has proved each of the following things beyond a reasonable doubt:

First, that the defendant, on or about April 6, 2005, possessed cocaine base;

Second, that he did so knowingly and intentionally.

The crime of possession of cocaine base thus has only two elements. As I have told you, the crime of possession of cocaine base with intent to distribute has the same two elements plus a third: the defendant must also have the specific intent to distribute the cocaine base. The meaning of the terms "possession" and "knowingly and intentionally" are the same for both crimes.

If your verdict is that the defendant is guilty of possession of cocaine base with intent to distribute, you need not consider whether he is also guilty of possession of cocaine base. As I indicated, if your verdict is that he is not guilty as to the charge of possession with intent to

24

distribute, you should go on to consider whether the defendant is nonetheless guilty of the crime

of possession of cocaine base. Of course, if the government has not proved beyond a reasonable

doubt that the defendant committed the crime of possession of cocaine base, your verdict under

Count Two must be "not guilty."

## COUNTS ONE AND TWO - QUANTITY OF COCAINE BASE

You may have an additional decision to make as to the charges in both Counts One and Two. The indictment alleges that the crimes charged in Counts One and Two involved at least five grams of cocaine base. If you find the defendant guilty as to either of the charges set forth in Counts One or Two, or both, you will have to decide whether the government has proved beyond a reasonable doubt that the amount of cocaine base involved was five grams or more.

The verdict form that will be provided to you will ask you to indicate your conclusion as to the amounts, if appropriate.

If you find the defendant "not guilty" as to a particular count, you need not answer the question regarding amounts as to that count.

If you find the defendant "guilty" as to a particular count, you must answer the question regarding amounts as to that count.

If you find the defendant "guilty" as to a particular count, but conclude that the government has not proved beyond a reasonable doubt that the amount of cocaine base was five grams or more, you should indicate that the defendant is guilty, but that the amount of cocaine base is not five grams or more. In other words, you may convict the defendant of a particular charge, even if you conclude that the government has not proved the amount alleged beyond a reasonable doubt.

## POSSESSION OF FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME - ELEMENTS OF THE OFFENSE

Count Three alleges the crime of possessing a firearm in furtherance of a drug trafficking crime—specifically, possessing cocaine base with intent to distribute it. For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following things beyond a reasonable doubt:

First, that the defendant committed the crime charged in Count Two—possession of cocaine base with intent to distribute on or about April 6, 2005; and

Second, that in furtherance of that crime, the defendant knowingly possessed a firearm.

Again, to act "knowingly" means to act voluntarily and intentionally and not because of a mistake or accident.

27

## POSSESSION OF FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME - FIREARMS

A"firearm" is any weapon that will, or is designed to, or may readily be converted to, expel a projectile by the action of an explosive.

Count Three alleges that the defendant possessed two different firearms in furtherance of the crime alleged in Count Two. Specifically, it alleges that the defendant possessed a black Taurus 9 millimeter semi-automatic handgun, Model PT99AF, bearing Serial Number TRE08150, and a black and silver Taurus 9 millimeter semi-automatic handgun, Model PT111, bearing serial Number TSG88098.

The government must prove that the defendant possessed either or both of the firearms specified in the indictment, and that they are "firearms" as I have defined that term for you.

You may find the defendant guilty of this crime if you find all of the elements of the crime with respect to either of the charged firearms. You do not need to find possession of both of the charged firearms to find the defendant guilty. You must, however, agree unanimously as to any firearm you find to have been possessed. In other words, you may not convict him if six of you agree as to one firearm, and six agree as to the other; all twelve of you must agree as to either firearm or both firearms.

28

## POSSESSION OF FIREARM IN FURTHERANCE OF A DRUG
## TRAFFICKING CRIME - "IN FURTHERANCE OF"

The government must prove beyond a reasonable doubt that the defendant possessed the firearm "in furtherance of" the charged drug trafficking crime. This means that the government must prove that the defendant possessed the firearm in order to advance or promote the commission of the charged crime. Although the government must prove the defendant possessed the firearm for that reason, that need not have been the only reason he did so.

The mere presence of a firearm in an area where a criminal act occurs is not enough to satisfy the "in furtherance of" requirement.

## POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG
## TRAFFICKING CRIME - "POSSESSION"

I instructed you earlier on the meaning of the term "possession." Again, a person who has direct physical control of something on or around his person is in actual possession of it. A person who is not in actual possession—that is, who does not physically control the item—but who has both the power and the intent to exercise dominion and control over it, is in constructive possession of it. In either case, the person is in possession of the item. Also, two or more persons may jointly possess the same object.

## POSSESSION OF FIREARM BY CONVICTED PERSON

Count Four charges the defendant with the crime of possession of a firearm by a person who was previously convicted of a felony. It is against federal law for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to possess a firearm in or affecting commerce. In order to find the defendant guilty of that crime, you must be convinced that the government has proved each of the following things beyond a reasonable doubt:

First, that on or about April 6, 2005, the defendant had been previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year;

Second, that on or about April 6, 2005, the defendant knowingly possessed, actually or constructively, solely or jointly, one or more of the charged firearms specified in the indictment; and

Third, that the defendant's possession of one or more of the firearms was in or affected interstate or foreign commerce.

31

## POSSESSION OF FIREARM BY CONVICTED PERSON - PRIOR CONVICTION

The first element that the government must prove in Count Four is that on or about April 6, 2005, the defendant had been previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year.

The parties have stipulated, or agreed, that the defendant had such a prior conviction at the relevant time.

Although defendant has agreed that he has a prior conviction, you may not use that evidence to infer that the defendant has a bad character or is a bad person, and for that reason committed the crimes charged in this case. You may consider that evidence only for the purpose of deciding whether the defendant committed the crime charged in Count Four, and not for any other purpose.

Similarly, there has been testimony that one or more law enforcement officers knew the defendant prior to the events in this case. You may not speculate or guess about any prior contact between the defendant and law enforcement. Again, you may not use that evidence to infer that the defendant has a bad character or is a bad person, and for that reason committed the crimes charged in this case.

You must decide this case only according to the evidence, and according to the law as I have instructed you. Anything else is unlawful and unfair.

32

## POSSESSION OF FIREARM BY CONVICTED PERSON - KNOWING POSSESSION OF A FIREARM

The second element the government must prove in Count Four is that on or about April 6, 2005, the defendant knowingly possessed one or more of the charged firearms.

I instructed you earlier on the meaning of the term "knowingly." Again, to act "knowingly" means to act voluntarily and intentionally and not because of a mistake or accident.

I also instructed you earlier on the meaning of the term "possession." Again, a person may be in actual or constructive possession of an object, and two or more persons may jointly possess an object.

I also instructed you earlier on the meaning of the term "firearm." Again, a "firearm" is any weapon that will, or is designed to, or may readily be converted to, expel a projectile by the action of an explosive.

Count Four, like Count Three alleges that the defendant possessed two different firearms. Specifically, it alleges that the defendant possessed a black Taurus 9 millimeter semi-automatic handgun, Model PT99AF, bearing Serial Number TRE08150, and a black and silver Taurus 9 millimeter semi-automatic handgun, Model PT111, bearing serial Number TSG88098.

The government must prove that the defendant possessed either or both of the firearms specified in the indictment, and that they are "firearms" as I have defined that term for you.

You may find the defendant guilty of this crime if you find all of the elements of the crime with respect to either of the charged firearms. You do not need to find possession of both of the charged firearms to find the defendant guilty. You must, however, agree unanimously as to any firearm you find to have been possessed. In other words, you may not convict him if six of you agree as to one firearm, and six agree as to the other; all twelve of you must agree as to

33

either firearm or both firearms.

## POSSESSION OF FIREARM BY CONVICTED
## PERSON - INTERSTATE COMMERCE

The third element that the government must prove in Count Four is that the defendant's knowing possession of either or both of the firearms was in or affected interstate or foreign commerce.

This element is satisfied if it is established beyond a reasonable doubt that at some time after the manufacture of the firearm, and before the defendant possessed it, it moved across the international boundary of the United States or across a state line. Thus, proof that the firearm was manufactured outside the United States and then was possessed by the defendant in Massachusetts is sufficient to satisfy this element.

The government does not have to prove that the defendant purchased or obtained the firearm in some other country and carried it into Massachusetts. It does not have to prove that the defendant knew that the firearm had crossed the international boundary, or that the firearm crossed the boundary prior to the defendant's conviction. It does not have to prove who purchased the firearm or how it arrived in Massachusetts. It does not have to prove that any shipment or transportation of the firearm across the boundary was in furtherance of any unlawful activity, or had any connection to the defendant.

Again, the government must prove that the firearm had traveled in interstate or foreign commerce by moving across the international boundary or a state line at any time before the defendant possessed it.

35

## "ON OR ABOUT" EXPLAINED

The indictment charges that the offenses alleged were committed "on or about" or "in or about" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the dates charged.

## FOREPERSON'S ROLE; UNANIMITY

I come now to the last part of the instructions, the rules for your deliberations.

When you retire, you will discuss the case with the other jurors to reach agreement if you can do so. You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court. Your verdict must be unanimous – that is, all of you must agree on the verdict.

## REACHING AGREEMENT

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try. It is important, therefore, that you reach a verdict if you can do so conscientiously. You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

## RETURN OF VERDICT FORM

I want to explain to you now what is called the verdict form. This is simply the written notice of the decision you will reach in this case.

**[The court explains the verdict form.]**

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

## COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time. You may continue with your deliberations while waiting for the answer to any question. When you are communicating with me, please do not tell me – or anyone else – how the jury stands numerically until after you have reached a unanimous verdict.

40