UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL ACTION |
| V. ) | NO. 05-40011 |
| ) | |
| ANDRE ROSADO ) | |

DEFENDANT'S SENTENCING MEMORANDUM

The defendant submits this memorandum to assist the court in fashioning a sentence sufficient, but not greater than necessary, to achieve the purposes of 18 U.S.C. sec. 3553, in light of U.S. v. Booker, 125 S.Ct. 738 (2005).

The probation officer has calculated the guideline sentence to be 420 months. A sentence of this length is excessively long and disproportionate for these crimes and this defendant. See U.S. v. Antonakopoulas, 399 F.3d 68, 81 (1st Cir. 2005). The offenses are serious and probation alleges that the defendant is a career offender, however, the goals of 18 U.S.C. sec. 3553 can be accomplished in under 35 years without the excessive punishment that a sentence of this length would impose.

The guideline sentence is driven by three factors: the career offender classification, the lack of acceptance of responsibility and that the substance was crack. It is these three factors that push the sentence beyond what is

necessary to achieve the goals of 18 U.S.C. sec. 3553. The defendant requests that the court look closely at these three factors before imposing a sentence.

Because the defendant has the bare minimum of two predicates, the career offender classification overrepresents his criminal history. As further proof, on his prior drug offense, he received a house of correction sentence, as opposed to state prison. See United States v. MacKinnon, 401 F.3d 8 (1st Cir. 2005).

Without the career offender classification, the defendant would be at offense level of 32. Even assuming a criminal history category of six, plus five years for the firearm, the guideline range would be approximately 23 to 26 years.

Because the defendant went to trial, instead of pleading guilty, he does not receive credit for acceptance of responsibility. The guideline result is approximately ten additional years. Ten years for going to trial seems excessive and punitive.

The court should also consider the sentencing disparity between crack and powder cocaine (sentencing judge may consider the nature of the contraband in fashioning a sentence. U.S. v. Pho, 433 F.3rd 53 (1st Circ. 2006)). If the jury had convicted him of powder, instead of crack, the

sentencing range would be approximately 26 to 32 years, including the 5 years for the firearms conviction.

Finally, the quantities of drugs for both the February and April offenses establish that Rosado was not a major trafficker. Admittedly, the quantities show that he was not a street dealer either, but it would seem that 35 years of incarceration should be reserved for the worst of the worst.

It should also be noted that if this case had been prosecuted in the state court, the penalty range would have been five to 20 years. Mass. G.L. 94c sec. 32E.

## PERSONAL CHARACTERISTICS

Like many defendants who come before the court, Rosado had a terrible childhood. The presentence report does an admirable job in providing the court with a view of Rosado's early life. No child should be subjected to the violence, drugs and lack of support that characterized Andre Rosado's early life. It is no surprise that he has ended up where he now is. Of course, his troubled life is not an excuse for his criminality, but if the court considers it in fashioning a sentence, the end result will be a fair sentence.

Unlike most defendants, Rosado has the support of a loving family. His mother, sister and various aunts and uncles have assisted him as well as defense counsel, as his case worked its way to a conclusion.

If he receives the treatment and education that he desparately needs, and with the continuing support of his loved ones, he could become a contributing member of society when he is finally released from prison. With the resources available in the Bureau of Prisons, he will be able to receive this treatment.

## Conclusion

The defendant does not recommend a specific sentence, nor whether there should be a variance or a downward department, but urges the court, one way or another, to go below the 35 year guideline sentence, because it is not necessary to achieve the goals of 18 U.S.C. sec. 3553.

For the defendant,

/s/ EDWARD L. HAYDEN
EDWARD L. HAYDEN
7 FRANKLIN STREEET
LYNN MA 01902
(781) 599-1190
BBO #226430