# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ANDRE ROSADO, ) | |
| ) | |
| Petitioner, ) | |
| ) | **Criminal Action No.** |
| v. ) | **05-40011-FDS** |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Respondent. ) | |

# AMENDED MEMORANDUM AND ORDER
# ON PETITIONER'S MOTION TO SUPPLEMENT

**SAYLOR, J.**

Petitioner Andre Rosado was convicted of distribution of cocaine base, possession of cocaine base with intent to distribute, possession of a firearm in furtherance of a drug trafficking crime, and being a felon in possession of a firearm on November 16, 2006. On May 8, 2008, the United States Court of Appeals for the First Circuit affirmed his conviction and sentence. On May 11, 2009, petitioner filed a motion pursuant to 28 U.S.C. § 2255 seeking to vacate his sentence. On July 10, 2009, petitioner filed a supplement (the "first supplement") to his original motion.[1] On January 3, 2012, petitioner filed a further motion for leave to file a supplemental petition (the "second supplement").

To be timely, a petitioner must file a motion under § 2255 within one year after a judgment of conviction becomes final. 28 U.S.C. § 2255(f). Under *Clay v. United States,* 537 U.S. 522, 525 (2003), a judgment of conviction becomes final when the time expires for filing a

---

[1] The docket entry, no. 107, does not identify this filing as a motion, but instead as a supplemental filing.

petition for a writ of certiorari contesting the appellate court's affirmance of the conviction—in other words, 90 days after the judgment of the Court of Appeals. As the Court of Appeals affirmed the conviction here on May 8, 2008, the judgment became final 90 days later, on August 6, 2008. Therefore, the original motion, filed on May 11, 2009, and the first supplement, filed on July 10, 2009, appear to be timely.

Congress has provided that a habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Under Fed. R. Civ. P. 15, leave to amend is to be given "freely . . . when justice so requires." The first supplement appears to be timely, and there is no apparent reason why this amendment should not be allowed.

Petitioner's second supplement, however, was filed well after the one-year limitations period expired. An amendment to a pleading relates back to the original date of filing when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). In habeas cases, the "relation back" provision is strictly construed. *United States v. Ciampi*, 419 F.3d 20, 23 (1st Cir. 2005). Amendments must be related to the "same core facts" and not "upon events which are separate both in time and type from the events upon which the original claims depended." *Id.* at 24. A petitioner's claim of ineffective assistance of counsel does not relate back simply because the original petition raised a claim of ineffective assistance of counsel when the amendment is "based upon an entirely distinct type of attorney misfeasance." *Id.*

Petitioner's original petition raises four grounds: (1) agents illegally searched and seized evidence without probable cause, violating his Fourth Amendment rights; (2) prosecutorial

2

misconduct by the intentional use of fraudulent documents in submissions to the court; (3) insufficient evidence to prove distribution of cocaine base; and (4) ineffective assistance of counsel by failing to object to illegally seized evidence. The first supplement raised a single issue and contends that his sentence was improperly calculated under 18 U.S.C. § 924(c)(1)(A). Petitioner's second supplement contends that he received ineffective assistance of counsel based on counsel's failure to object to prejudicial error on four occasions: (1) the special verdict form for the jury effectively broadened the indictment; (2) the court improperly directed the jury to find the identity of the controlled substance; (3) petitioner should not have been treated as a "career offender" under § 4B1.1 of the United States Sentencing Guidelines; and (4) the court incorrectly used a prior conviction to enhance his sentence. The four issues raised in petitioner's second supplement do not arise out of the same conduct, transaction, or occurrence identified in the original petition. The second supplement is therefore untimely, and the motion to supplement will therefore be denied.

Accordingly, petitioner's July 10, 2009 motion to supplement is GRANTED. Petitioner's January 3, 2012 motion to supplement is DENIED. The original and July 10, 2009 supplemental motion, taken together, shall constitute the motion to vacate. The government shall file a memorandum addressing the merits of the motion by August 16, 2012.
**So Ordered.**

       /s/ F. Dennis Saylor
       F. Dennis Saylor IV
       United States District Judge

Dated: July 20, 2012