**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| **UNITED STATES of AMERICA** | ) ) ) | **Crim. Action No.** |
| v. | ) ) | **05-40011-FDS-FDS** |
| **ANDRE ROSADO,** | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR**
**COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582**

**SAYLOR, C.J.**

This is a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

On November 16, 2006, defendant Andre Rosado was convicted after a jury trial of four crimes: distribution of five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii); possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1); and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Because he was a career offender, and because the statutory maximum penalty on two of the counts was life imprisonment, the applicable guideline sentencing range was 420 months to life. He was sentenced to a non-guideline sentence with a term of imprisonment of 360 months followed by eight years of supervised release.

On May 24, 2019, Rosado moved for a reduction of his prison sentence under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. On May 14, 2020, the Court granted that motion and reduced his sentence from 360 months to 288 months—that is, a reduction of six

years from his original sentence. *See generally United States v. Rosado*, 2020 WL 2490024 (D. Mass. May 14, 2020). The parties represent that he is now scheduled to be released in early 2026. (Def. Mot. at 1; Gov't Opp. at 1).

On June 2, 2020, Rosado filed the present motion for compassionate release under 18 U.S.C. § 3582(c). For the following reasons, the motion will be denied.

A federal court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). A court may reduce a term of imprisonment for, among other things, "extraordinary and compelling reasons," but only upon a motion by the Director of the Bureau of Prisons or by a defendant who has exhausted his administrative remedies. *Id.* § 3582(c)(1)(A). To exhaust those remedies, a defendant must request that the warden of his Bureau of Prisons institution file a motion on his behalf to reduce his sentence, and then either (1) have that request be denied and exhaust the appeals processes of the Bureau of Prisons; or (2) wait until 30 days have passed since that request was received. *Id.*

Here, it appears that defendant has exhausted his administrative remedies. On May 4, 2020, he apparently filed a request with the warden of his institution to move for a sentence reduction on his behalf. (Def. Mot., App. C). It appears that the request was denied on May 11, 2020. (Def. Mot., App. D). Defendant concedes that he has not exhausted the Bureau of Prisons' appeals process. (Def. Mot. at 7). But 30 days have elapsed since his request was received, and therefore the Court has the authority to consider his request. *See* 18 U.S.C. § 3582(c)(1)(A).

A court may reduce a term of imprisonment if, after considering the sentencing factors set forth in § 3553, it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing

Commission." *Id.* "Extraordinary and compelling reasons" include medical condition, age, family circumstances, or other reasons as determined by the Bureau of Prisons. U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1 (2018); Bureau of Prisons Program Statement 5050.50 (2019).[1]

Here, defendant contends that the "extraordinary and compelling" reason to reduce his sentence to time served is that he suffers from diabetes, which places him at increased risk of serious illness or death if he is exposed to the coronavirus while in custody. Moreover, he contends that the conditions at FCI Bennettsville, the Bureau of Prisons facility where he is incarcerated, exacerbate that risk. It is true that diabetes is a known risk factor for COVID-19. (*See* Def. Mot. at 2-4). However, there is no indication—at least currently—of a widespread outbreak of the disease at FCI Bennettsville. Defendant contends only that as of May 23, 2020, three inmates and two staff members had tested positive. (*Id.* at 4). As of a recent update, it appears that only one additional staff member has tested positive. (BUREAU OF PRISONS, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited July 6, 2020)).

Furthermore, the sentencing factors set forth in § 3553 do not favor releasing defendant. As the Court previously observed, he has a record of violence and the use of firearms. (Mar. 9, 2007 Hr'g Tr. at 19). *See, e.g.*, *Rosado v. United States*, 2012 WL 5878672, at *1 (D. Mass. Nov. 20, 2012) (noting that before his arrest for the instant offense, he fled from police officers and got out of his car "holding a firearm"). He has a lengthy criminal history, including a conviction for conspiracy to commit murder, among other things. (*Id.*). *Rosado*, 2020 WL

---

[1] Defendant contends that the "extraordinary and compelling reasons" identified by the Bureau of Prisons are no longer controlling under the First Step Act. (Def. Mot. at 9). He contends that the "previous BOP discretion to identify other extraordinary and compelling reasons [is] assigned now to the courts." *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019). Even if that is true, and a defendant's health risks due to the ongoing coronavirus pandemic could constitute an "extraordinary and compelling" reason for compassionate release under § 3582(c)(1)(A), the Court does not find that to be the case here.

2490024, at *1.  Indeed, his own mother obtained a restraining order against him.  (*Id.*).  He represents that he has made efforts at rehabilitation and that he has been involved in only one "serious" disciplinary incident while in the custody of the Bureau of Prisons.  (Def. Mot. at 2).  But as the Court noted in its previous order, he has had "six other disciplinary incidents over the past eleven years."  *Id.* at *6.  Given those incidents, and the severity of his past criminal history, a substantial sentence is necessary to afford adequate deterrence and to protect the public from further crimes of the defendant.  18 U.S.C. § 3553.  Moreover, the fact that the Court has already reduced his sentence by six years also weighs against a further reduction.  *See id.*

For the foregoing reasons, defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is DENIED.

**So Ordered.**

|  |  |
|---|---|
|  | /s/ F. Dennis Saylor IV\_\_\_\_\_ |
|  | F. Dennis Saylor IV |
| Dated:  July 7, 2020 | Chief Judge, United States District Court |