UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES of AMERICA ) | |
| ) | Crim. Action No. |
| v. ) | 05-40011-FDS |
| ) | |
| ANDRE ROSADO, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR AN INDICATIVE RULING AND TO RECONSIDER DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582**

**SAYLOR, C.J.**

This is a motion for an indicative ruling and to reconsider defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

On November 16, 2006, defendant Andre Rosado was convicted after a jury trial of four crimes: distribution of five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii); possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1); and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Because he was a career offender, and because the statutory maximum penalty on two of the counts was life imprisonment, the applicable guideline sentencing range was 420 months to life. He was sentenced to a non-guideline sentence with a term of imprisonment of 360 months followed by eight years of supervised release.

On May 24, 2019, Rosado moved for a reduction of his prison sentence under the First

Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. On May 14, 2020, the Court granted that motion and reduced his sentence from 360 months to 288 months—that is, a reduction of six years from his original sentence. *See generally United States v. Rosado*, 2020 WL 2490024 (D. Mass. May 14, 2020). The parties represent that he is now scheduled to be released in early 2026. *See United States v. Rosado*, 2020 WL 3799192, at *1 (D. Mass. July 7, 2020).

On May 25, 2020, Rosado filed a motion for compassionate release under 18 U.S.C. § 3582(c). On July 7, 2020, the Court denied his motion. *See generally Rosado*, 2020 WL 3799192. On July 20, 2020, he appealed that order. (Def. Mot. at 1).

On August 21, 2020, Rosado filed this motion for an indicative ruling and to reconsider his motion for compassionate release under 18 U.S.C. § 3582(c). For the following reasons, the motion will be denied.

**1.      Jurisdiction**

Due to Rosado's pending appeal of his prior motion for compassionate release, the Court does not have jurisdiction to grant the current motion. A district court lacks jurisdiction to modify an order if the substance of that order is on appellate review. *See United States v. Torres-Oliveras*, 583 F.3d 37, 44 (1st Cir. 2009) (noting "the general rule that the filing of a notice of appeal . . . divests the district court of its control over those aspects of the case involved in the appeal") (alterations omitted) (internal quotations omitted). The First Circuit has held that a district court lacks the power to order a sentence modification under 18 U.S.C. § 3582(c) while an appeal of that sentence is pending. *See United States v. Maldonado-Rios*, 790 F.3d 62, 64 (1st Cir. 2015). Thus, district courts have consistently noted that they lack jurisdiction to grant motions for compassionate release while a defendant's appeal is pending. *See, e.g.*, *United States v. Gowder*, 2020 WL 5542666, at *2 (E.D. Ky. Sept. 16, 2020) (denying a motion for

compassionate release pursuant to 18 U.S.C. § 3582(c)(1) when an appeal of the defendant's sentence was still pending); *United States v. Martin*, 2020 WL 1819961, at *1-2 (S.D.N.Y. Apr. 10, 2020) (same).

A court that lacks jurisdiction due to a pending appeal may still issue an indicative ruling. *See Maldonado-Rios*, 790 F.3d at 64-65. It may "state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a). The movant must then notify the clerk of the court of appeals of the district court's ruling. *See Maldonado-Rios*, 790 F.3d at 64; *see also* Fed. R. App. P. 12.1(a).

On July 20, 2020, Rosado appealed the Court's denial of his motion for compassionate release. (Def. Mot. at 1). The First Circuit has not yet acted on his appeal. The Court therefore lacks jurisdiction to modify his sentence. He thus asks the Court to issue an indicative ruling that it would grant this motion to reconsider his motion for compassionate release so that he may notify the First Circuit and request a remand to this Court to modify his sentence. (*Id.*).

### 2. **Merits**

In the interests of judicial economy, because the Court would deny Rosado's motion to reconsider his motion for compassionate release under 18 U.S.C. § 3582(c), the Court will reach the merits of the motion and will deny it.

A federal court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). A court may reduce a term of imprisonment for, among other things, "extraordinary and compelling reasons," but only upon a motion by the Director of the Bureau of Prisons or by a defendant who has exhausted his administrative remedies. *Id.* § 3582(c)(1)(A). To exhaust those remedies, a defendant must request that the warden of his Bureau of Prisons institution file a motion on his behalf to reduce his sentence, and then either

(1) have that request be denied and exhaust the appeals processes of the Bureau of Prisons; or (2) wait until 30 days have passed since that request was received. *Id.*

As the Court noted in its original order denying Rosado's motion for compassionate release, it appears Rosado exhausted his administrative remedies and therefore the Court has authority to consider his request. *See Rosado*, 2020 WL 3799192, at *1.

A court may reduce a term of imprisonment if, after considering the sentencing factors set forth in § 3553, it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* "Extraordinary and compelling reasons" include medical condition, age, family circumstances, or other reasons as determined by the Bureau of Prisons. U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1 (2018); Bureau of Prisons Program Statement 5050.50 (2019).

The Court already found the fact that Rosado suffers from diabetes, a known risk factor for COVID-19, does not constitute an "extraordinary and compelling" reason to reduce his sentence to time served. *See Rosado*, 2020 WL 3799192, at *2. Here, he contends that he not only suffers from diabetes, but also from hepatitis, a liver disease. (Def. Mot. at 3). Liver disease, however, is only a possible risk factor for the virus. *See* CENTER FOR DISEASE CONTROL AND PREVENTION, *People Who Are at Higher Risk for Severe Illness* (Sept. 11, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. In addition, while Rosado alleges that the Bureau of Prisons as an institution struggles to provide medical care, he has made no argument that *his* current health conditions are not being regularly treated or that he in particular is failing to receive adequate medical care. (Def. Supp. Mot. at 1-3).

Rosado also contends that the conditions at FCI Bennettsville, the facility where he is incarcerated, have worsened since the Court's order denying his previous motion and that now the risk they present rises to the level of "extraordinary and compelling." (Def. Mot. at 2; Def. Supp. Mot. at 2). He contends that on September 2, 2020, there were 72 active COVID-19 cases among inmates. (Def. Supp. Mot. at 1). However, as of a recent update, only four inmates and 14 staff members are currently infected with the virus, and everyone who at one point was infected has subsequently recovered. *See* BUREAU OF PRISONS, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited Sept. 23, 2020) (listing number of confirmed cases in each correctional facility). Therefore, there is still no indication of a widespread outbreak of the virus that the facility has been unable to control. In fact, in just the week since Rosado filed his reply to the government's opposition motion, the number of active inmate cases has declined by 22. (Def. Reply at 2). He has thus not shown that his continued incarceration at FCI Bennettsville poses a specific, material risk of serious complications of COVID-19 that rises to the level of extraordinary and compelling reason for release.

Furthermore, the sentencing factors set forth in § 3553 still do not favor release. As the Court previously noted, Rosado has a lengthy criminal history, including a record of violence and the use of firearms, and has had multiple disciplinary incidents while incarcerated. *See Rosado*, 2020 WL 3799192, at *2. The Court has also already reduced his original sentence by six years. *Id.* Given the history of violence, a further deviation from the original sentence would not properly reflect the seriousness of his offenses or provide adequate deterrence to criminal conduct. 18 U.S.C. § 3553.

Accordingly, and for the foregoing reasons, defendant's motion for an indicative ruling and to reconsider his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is

DENIED.

**So Ordered.**

                                              /s/ F. Dennis Saylor IV
                                              F. Dennis Saylor IV

Dated: September 23, 2020                Chief Judge, United States District Court